848 F.2d 191
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William James KIMBREW, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 87-6030.
 United States Court of Appeals, Sixth Circuit.
 May 13, 1988.
 
 1
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and BARBARA K. HACKETT, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Petitioner appeals the district court's judgment denying his motion to vacate his sentence filed pursuant to 28 U.S.C. Sec. 2255.
 
 
 4
 Petitioner was convicted, by a jury, of various firearm offenses and was sentenced to a total of eight years' imprisonment. Some ten years after his trial, petitioner filed the instant motion alleging juror misconduct and ineffective assistance of counsel. Petitioner alleged that one of the jurors, Charles Williams, did not disclose, during voir dire, the fact that he (Williams) knew petitioner's wife. Petitioner also alleged that his counsel was ineffective for failing to bring this matter to the court's attention. The district court conducted an evidentiary hearing, found the claims meritless, and denied the motion. Upon review, we affirm the district court's judgment.
 
 
 5
 In a case involving jury concealment during voir dire, a new trial is not warranted unless the party demonstrates that the juror failed to answer honestly a material question on voir dire, and shows that a correct response would have provided a valid basis for a challenge for cause. See McDonough Power Equipment, Inc. v. Greenwood, 464 U.S. 548, 556 (1984).
 
 
 6
 The evidence adduced at the evidentiary hearing indicates that the juror did not know, at the time of voir dire, that the woman he briefly spoke with was in fact petitioner's wife. The juror further testified that he did not learn of the marital relationship until a few days after the trial ended. Thus, it is clear that the juror did not deliberately conceal material information during trial. Petitioner did receive a fair trial.
 
 
 7
 Next, petitioner argued that he received ineffective assistance of counsel because counsel failed to inform the court of the contact between petitioner's wife and the juror. In order to demonstrate ineffective assistance of counsel, petitioner must show that counsel's performance was deficient, and that the deficient performance prejudiced the defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 8
 In this case, counsel did not render ineffective assistance because his performance was not deficient. Counsel testified that he felt the matter was insignificant because it seemed to him to be an incidental contact. This opinion was buttressed by both the wife's and Williams' testimony. They testified that Williams recognized the wife from her place of employment and said hello. Under these circumstances, we conclude that counsel's performance was not deficient for failing to inform the court of the contact between Williams and petitioner's wife.
 
 
 9
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Barbara K. Hackett, U.S. District Judge for the Eastern District of Michigan, sitting by designation